Johnson J.
The defence to this action is a species of quia timet proceeding, which crept into our Courts of law, at a time when the Courts of Equity were in some degree inaccessible to the people of the interior of the State. In Grey v. Handkinson, 1 Bay 278, it is said to be an equitable defence, and jurisdiction of it *324 is claimed fox* the law Courts, on the ground of a supposed fraud in the vendor in concealing the defect of his title. In Hood v. Huff, 2 Const. Rep. 162 by Mills, and Bond v. Quattlebaum, 1 M’Cord 588, the policy of allowing it is seriously questioned, and its inconvenience has I believe, been felt by every member of the profession; and whilst we feel bound by the long and uninterrupted decisions that have given currency to the rule, it ought not to be extended beyond its letter. The principle is that when the vendor has no title to the land sold, the vendee is constantly exposed to be ejected by him having the title, and therefore it is concluded, that the vendee ought not to be compelled to pay for the. land, although he has never been disturbed in the possession. But the principle cannot apply where the vendee is certain of being protected in his title, although a technical legal estate is not in the vendor. Equity will sometimes aid a defective title, by presuming that to be done, which ought to have been done, and will always compel a specific performance, when it is necessary to perfect a clearly equitable title.
When the plaintiff sold to the defendant, he put him in possession of the land; that of itself, is a sufficient title until it shall appear that there is a better in some one else; it is at least prima facie evidence of title. The evidence shows, that the legal estate so far as the title has been investigated is in the heirs of Thomas *325 Dixon, against whom the plaintiff has a decree of the Court of chancery, ordering them to execute titles to him; that title when executed will enure to the benefit of the defendant, if the plaintiff has or does convey to him. It is not probable then, that the heirs of .Dixon will ever question the defendant’s right to the land. It is unreasonable to conclude that any one would be guilty of such a folly. If they should, .the sale by the plaintiff to the defendant, has transferred the equities, and the Court of Equity is always ready to protect him, and to afford the necessary relief. He vías therefore as secure in his possession, as the law. can make him.
The report does not state, whether there was or was not a conveyance from the plaintiff to the defendant, and I am led to conclude from the entire silence of the report on that subject, that the writing copied into the report, is either the only evidence of the contract between these parties, or a counterpart of one entered into by the plaintiff; for it purports on its face to be intended to be made by him, which the defendant has kept out of view. If this be true, it furnishes I think another objection to this defence. In that writing there is an express agreement on the part of the plaintiff, “to pay all law expenses,” and it contains also a provision that “if any claim should come, and said land be taken away, if taken away before the purchase money becomes due,” the defendant should pay rent to the plaintiff. Now the necessary inference from this contract, is that a difficulty about this title, was anticipated by the parties, and the possibility of the defendant loosing the land is provided for; and in the absence of any other claim it is a reasonable conclusion, that the very difficulty which has been developed in this defence, is that against which this contract was intended to provide. There has therefore, been no fraud or concealment on the part of the plaintiff; the defendant purchased with a full knowledge of all the circumstances. The plaintiff has gone on to perform his part of the contract, by taking the necessary mea *326 sure at bis own expense to perfect the title, and according to this view, there is no foundation for this de-fence.
The defendant’s abandonment of the possession, or his expulsion from it by Bishop Dixon, (if in truth he was disseized by him,) cannot help the defence; in the first case, it is merely voluntary; and there is nothing in this contract, or in the usual covenants of a conveyance, which subjects the grantor to responsibility on account of the unlawful entry of a stranger; no man in his senses would bind himself by such a covenant.
The first ground of this motion is founded on a misconception of the cases of Carter v. Carter, 1 Bailey 217. Bordeaux v. Cave, Ibid, 250, and Hext ads. Morgan (decided in 1829,) and from what has occasionally fallen from the bar in reference to these cases, I am led to conclude, that the impression is not unusual, that want of title in the vendor of land, either in whole or in part, is not a good defence to an action brought at law to recover the purchase money. But these cases inculcate no such rule; they maintain however,, that a Court of law cannot rescind a contract for the sale of land, on account of a partial failure of consideration, on the ground principally, that a Court of law has not the power to do full and adequate j ustice to the parties. It has no authority for example to order a re-conveyance of the land, to which the vendee has title, and the case of Grey v. Handkinson, was an interpolation unknown to the common law. In Morris v. Phelps, 5 Johnson 54, the Ch. J. says, that he was not aware that even a Court of Equity in England had ever undertaken to rescind a sale, because a title to a part of the property failed, except in the case of an exchange of lands. The doctrine of a recission of a contract on account of a partial failure of consideration, is from the civil law, and I see no reasonable objection to it in the abstract, when applied to cases where the objectofthe purchase has been defeated, as in the case of Grey v. Hankinson before cited, and the State v. Gaillard, 2 Bay. 11, and some others of the same class. But. *327 the impracticability of giving it effect in a Court of law, is I think a sufficient justification, for referring it to the chancery jurisdiction. In cases where the vendor has no title, the conveyance to the vendee passed no interest to the vendee, and a re-conveyance is unnecessary ; as a mere trespasser on t'he land, the vendee is not accountable to the vendor for rents and profits, so that a Court of law can supply all the relief that is wanted; and so in the ease where the vendee desires a deduction from the price on account of the vendor’s want of title to a part of the land sold, a discount pro tanto, does all that the vendee-desires, as well as justice to the vendor.

Motion granted.

Johnson'& Harper Js. concurred.